UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WEST VIEW RESEARCH, LLC patent cases | Case Nos.:<br>14-CV-2668-CAB (WVG)<br>14-CV-2670-CAB (WVG)<br>14-CV-2675-CAB (WVG)<br>14-CV-2677-CAB (WVG)<br>14-CV-2679-CAB (WVG)<br><br>**ORDER ON MOTIONS TO AMEND AND MOTION TO STRIKE** |

On November 10, 2014, Plaintiff West View Research filed five separate patent infringement complaints in this Court against various automobile manufacturers. Each action asserted a combination of patents, all from the same patent family, for a total of eleven asserted patents. The Court consolidated these five infringement cases for purposes of discovery and claim construction. A joint Case Management Order ("CMO") was entered on April 24, 2015, to control the efficient progress of the litigation.

As part of that CMO, the Court ordered Plaintiff to identify no more than seven claims from each patent to assert against Defendants. For each asserted claim, the Court ordered Plaintiff to provide preliminary infringement contentions

1

to each Defendant applying the claim to a representative product. Although Plaintiff complied with this directive, it also provided "alternative" contentions which gave rise to the Defendants filing a joint motion to strike.

## I. Motions to Amend

The Court admonished Plaintiff at the case management hearing that given the complexity of the matter already, the Court would not consider adding more patents to these cases, particularly if the patents existed prior to the filing of the initial complaints and were related to the asserted patents. Nevertheless, Plaintiff's alternative contentions are based on its pending motions to file amended complaints in each case to assert four additional patents against these Defendants.[1]

Each of the four previously unasserted patents issued before the filing of the initial complaints: U.S. Patent Nos. 8,285,551 and 8,285,553, both of which issued on October 9, 2012; 8,447,612, which issued on May 21, 2013; and 8,676,587, which issued on March 18, 2014. Each is a continuation of U.S. Patent No. 6,615,175, the parent patent to all the patents asserted by Plaintiff in these cases. Plaintiff's justification for seeking to add these patents to this already complex

---

[1] Plaintiff has filed a motion for leave to amend its complaint in each of the five cases. The motions are filed at Docket No. 47 in Case No. 14cv2668; Docket No. 38 in Case No. 14cv2670; Docket No. 35 in Case No. 14cv2675; Docket No. 36 in Case No. 14cv2677; and Docket No. 38 in Case No. 14cv2679.

matter is that new products have recently been or are about to be introduced by Defendants which has put them at issue.

Be that as it may, the Court does not find this good cause to amend and further complicate the current consolidated cases and CMO with the addition of four more patents. It is entirely likely Defendants will continue to introduce new products throughout this litigation. The forward progress of these cases will be repeatedly stalled if Plaintiff introduces a new patent to this litigation in response to each new market entrant. The Court drew a line at the case management conference, which was held five months after Plaintiff filed its complaints, that new patents would not be joined to these actions. Plaintiff may initiate new lawsuits to assert these four additional patents, but the patents will not be added to this action. As the allegedly infringing products have been introduced to the US market only recently, if at all, there is no prejudice to Plaintiff proceeding separately on these four patents.

In addition to its attempt to insert new patents into these cases, Plaintiff also seeks to amend its complaints to add infringement allegations against certain of the Defendants on one or more patents already at issue in the consolidated litigation but not previously asserted against that particular Defendant. The Court finds good cause to allow such amendments. These patents are already subject to the CMO

and claim construction in this action.  It will not enhance efficiency to segregate them into separate actions against a subset of the Defendants.

Accordingly, Plaintiff's Motions for Leave to Amend are **GRANTED IN PART**, and **DENIED IN PART** as follows:

In Case 14cv2675, Plaintiff's motion to amend [Doc. No. 35] is **GRANTED** only to assert U.S. Patent No. 8,706,504, and **DENIED** in all other respects.

In Case 14cv2668, Plaintiff's motion to amend [Doc. No. 47] is **GRANTED** only to assert U.S. Patent Nos. 8,706,504; 8,781,839; and 8,290,778, and **DENIED** in all other respects.

In Case 14cv2670, Plaintiff's motion to amend [Doc. No. 38] is **GRANTED** only to assert U.S. Patent No. 8,290,778, and **DENIED** in all other respects.

In Case 14cv2677, Plaintiff's motion to amend [Doc. No. 36] is **GRANTED** only to assert U.S. Patent No. 8,719,037, and **DENIED** in all other respects.

In Case 14cv2679, Plaintiff's motion to amend [Doc. No. 38] is **DENIED**.

## II.   Motion to Strike

The Court has also reviewed Defendants' Joint Motion to Strike Plaintiff's Infringement Contentions.  In light of the above, and in consideration of Plaintiff's stated elections of asserted claims should the Court allow amendment, Plaintiff is hereby ordered to resubmit Preliminary Infringement Contentions as follows:

| U.S. Patent No. | To Defendants | Claims Asserted |
|---|---|---|
| 8,065,156 | Audi, BMW, Nissan | 10, 11, 15, 18, 20, 22 and 24 |
| 8,290,778 | Audi, BMW, Hyundai, Nissan, Tesla | 1, 5, 9, 22, 27, 28, and 30 |
| 8,296,146 | Audi, BMW, Hyundai, Nissan, Tesla | 1, 11, 17, 18, 19, 27 and 30 |
| 8,301,456 | BMW | 1, 2, 4, 6, 7, 8 and 17 |
| 8,311,834 | BMW | 1, 4, 36, 39, 52, 64 and 66 |
| 8,682,673 | Audi, BMW, Hyundai, Nissan, Tesla | 1, 15, 19, 23, 25, 27 and 28 |
| 8,706,504 | Audi, Hyundai, Tesla | 1, 37, 43, 44, 45, 46 and 48 |
| 8,712,777 | Tesla | 1, 12, 35, 38, 49, 60 and 62 |
| 8,719.037 | Audi, BMW, Hyundai, Nissan, Tesla | 1, 22, 37, 42, 48, 75 and 77 |
| 8,719,038 | Audi, BMW, Hyundai, Nissan, Tesla | 1, 5, 12, 16, 22, 54 and 66 |
| 8,781,839 | Audi, Tesla | 1,10, 11,16,  23, 29 and 35 |

For each claim identified above (and only those claims), Plaintiff will provide a chart identifying at least one representative product of each identified Defendant that is currently made, used, sold, offered for sale or imported into the United States that allegedly infringes, with an element-by-element analysis.  The revised Infringement Contentions will be served no later than **June 26, 2015**, with a courtesy copy to the Court.  Accordingly, Defendants' Motions to Strike [Doc. No. 39 in Case No. 14cv2675] and Ex Parte Application to Shorten Time [Doc. No. 40 in Case No. 14cv2675] are **DENIED** as **MOOT**.

### III. Modification to Case Management Deadlines

In light of the foregoing, the April 24, 2015 CMO [Doc. No. 44 in Case No. 14cv2668] is **AMENDED** as follows:

1. Defendants shall serve their Initial Invalidity Contentions by **August 28, 2015**, *and the Court will be provided with a courtesy copy of the Contentions*.

2. The joint proposed schedule for claim construction identifying the terms for construction will be submitted no later than **September 14, 2015**.

3. The status conference to schedule the claim construction hearing(s) and related matters is continued to **September 28, 2015** at **2:00 p.m.**

Any other dates and terms from the CMO remain unchanged.

It is **SO ORDERED**.

Dated: June 10, 2015

Hon. Cathy Ann Bencivengo
United States District Judge